**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BARBARA J. JACKSON**                                                                                    **PLAINTIFF**

**v.**                                                      **4:08CV04234-WRW**

**UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES,** *et al.*                                                                      **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 13). Plaintiff has responded.[1]

Plaintiff, an African-American female, brings this civil rights action based on the Age Discrimination in Employment Act of 1967 ("ADEA"), the Arkansas Civil Rights Act of 1993 ("ACRA"), the Americans with Disabilities Act of 1990 ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). For the reasons set out below, Defendants' motion is GRANTED in PART and DENIED in PART.

**I.     BACKGROUND**

After receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), Plaintiff filed a Complaint[2] on December 12, 2008, and an Amended Complaint on March 2, 2009.[3] Plaintiff alleges that while employed by Defendants she was exposed to airborne particles that caused her to experience an allergic reaction and breathing difficulties that required medical treatment.[4] Plaintiff claims she was subjected to harassment and

---

[1]Doc. No. 21.

[2]Doc. No. 2.

[3]Doc. No. 18.

[4]*Id.*

-1-

retaliation, which resulted in her termination, because of her age, race, and complaints she made with respect to her exposure to particles in the air at work.[5] She also alleges that Defendant failed to accommodate her breathing difficulties.[6]

In their Motion to Dismiss, Defendants contend: (1) that Plaintiff's ADEA, ACRA, and ADA claims for damages are barred by sovereign immunity; (2) that her Title VII claim is barred for failure to exhaust her administrative remedies; and (3) that Plaintiff is not entitled to punitive damages.[7]

## II.   DISMISSAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), "dismissal is appropriate only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations."[8] Therefore, in reviewing a Motion to Dismiss, I must assume all facts alleged by Plaintiff are true.[9]  "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions."[10]

## III.   DISCUSSION

### A.  ADEA, ACRA, and ADA Claims

Defendants contend that Plaintiff's ADEA, ACRA, and ADA damage claims are barred by sovereign immunity. The Eleventh Amendment prohibits federal lawsuits by an individual against a state unless the state waives sovereign immunity or Congress passes legislation that

---

[5]*Id.*

[6]*Id.*

[7]Doc. No. 20.

[8]*Reeve v. Oliver*, 41 F.3d 381, 382 (8th Cir. 1994).

[9]*Autio v. AFSCME*, 140 F.3d 802, 804 (8th Cir. 1998).

[10]*Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

abrogates that immunity.[11] An "official capacity" suit against a state official is simply "another way of pleading an action against an entity of which the officer is an agent" and therefore must be treated as a suit against the State itself.[12] Additionally, a suit against a state university is a suit against the State and is barred by the doctrine of sovereign immunity.[13]

The Supreme Court has held that state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment.[14] The same doctrine, however, does not extend to a state or its agencies.[15] So, individuals can be sued in their official capacity for prospective injunctive relief.

Here, Plaintiff requests injunctive relief and monetary damages. Defendants point out that "Plaintiff concedes that the named Defendants are agencies or public officials of the State of Arkansas."[16] The Eleventh Amendment bars Plaintiff's ADEA, ACRA, and ADA claims for monetary damages against all Defendants; however, Plaintiff's claims for prospective injunctive relief against Sugg and Wilson, in their official capacity, remains. Therefore, Defendants' motion is GRANTED in PART and DENIED in PART.

---

[11]*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

[12]*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[13]*Monroe v. Ark. State Univ.,* 495 F.3d 591, 593 (8th Cir. 2007).

[14]*Ex Parte Young*, 209 U.S. 123 (1908).

[15]*Pediatric Specialty Care, Inc, v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006) (holding that only state officials, not the state, can be sued for injunctive relief).

[16]Doc. No. 20 (citing Doc. No. 18).

### B. Title VII

Defendants argue that Plaintiff did not exhaust her administrative remedies for her race and gender discrimination claims under Title VII because Plaintiff checked only the boxes for retaliation, age, and disability on her EEOC complaint, and failed to check the race and sex boxes. An EEOC complaint does not need to be exact, but it does need to give the employer notice.[17] A civil suit's breadth under Title VII is the same as the scope of an investigation that could reasonably have been expected to come from the original discrimination charge.[18] Therefore, Plaintiff exhausted her administrative remedies for her claims of race and gender discrimination only if the allegations made in her complaint are "like or reasonably related" to the allegations actually brought before the EEOC.[19]

The Eighth Circuit has said that retaliation claims are not reasonably related to underlying discrimination claims,[20] unless the claims "grow out of" the original EEOC charge.[21] Additionally, discrimination claims based on age or disability do not fall within the scope of investigations of allegations of discrimination based on race or color.[22]

---

[17] *Wallace v. DTG Operations*, 442 F.3d 1112, 1123 (8th Cir. 2006).

[18] *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000).

[19] *Ross v. City of Independence*, 76 Fed Appx. 108, 109 (8th Cir. 2003) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)).

[20] *Wallin v. Minnesota Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998).

[21] *Wallace*, 442 F.3d at 1123 (citing *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1154 (8th Cir. 1989).

[22] See *Pointer v. Missouri Dep't of Corr.*, No. 03-3126, 2004 WL 1497812, 1 (8th Cir. July 7, 2004); *Whitson v. Marriott Pavilion Hotel*, Nos. 02-1478 & 02-2334, 99 Fed. Appx. 655 (8th Cir. Oct. 31, 2002); *Syrus v. Harborview Mercy Psychiatric Hosp.*, No. 01-1200WA, 14 Fed. Appx. 747 (8th Cir. July 25, 2001).

The EEOC did not permit Plaintiff to pursue race or gender discrimination. Based on the record, Plaintiff alleged, and was given the right to sue on, claims of retaliation and age and disability discrimination. At no point did Plaintiff allege any facts sufficient to put either the EEOC or Defendants on notice of the claims she now raises, nor did she check the boxes for race or gender discrimination contained on her formal charge. Defendants argue that even though "charges of discrimination filed by *pro se* litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised."[23] I agree. Plaintiff failed to exhaust her administrative remedies, and Defendants' motion, as it relates to Plaintiff's Title VII race and gender claims, is GRANTED. Plaintiff may continue her retaliation claim under Title VII.

### C. Punitive Damages

Defendants contend that Plaintiff is not entitled to punitive damages. Because I have dismissed all claims for monetary damages under the ADEA, ACRA, and ADA, Plaintiff's punitive damage claims under these theories are also barred. With respect to Title VII, Defendants argue, and I agree, that a plaintiff may not recover punitives under Title VII if the defendant is a "government, government agency or political subdivision."[24] As noted above, all Defendants are government officials or agencies. Accordingly, the punitive damages portion of Defendants' motion is GRANTED.

---

[23]Doc. No. 20 (citing *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836-37 (8th Cir. 2000); *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir.1996); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223; *Pointer*, 2004 WL 1497812 at 1.)).

[24]42 U.S.C. § 1981a(b)(1).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss (Doc. No. 13) is GRANTED in PART and DENIED in PART. Plaintiff's claims for monetary damages under the ADEA, ACRA, and ADA, as well as her race and gender claims under Title VII, are DISMISSED. Further, all of Plaintiff claims for punitive damages are DISMISSED. Plaintiff may continue with her retaliation claim and her claim for injunctive relief against Sugg and Wilson.

IT IS SO ORDERED this 31st day of March, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE